14 F.3d 598
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michelle MURRAY, a/k/a Michelle Montana, Defendant-Appellant.
 No. 92-5861.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 24, 1993.
Decided: Dec. 17, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Dominic J. Fleming, Thompson & Fleming, for appellant.
 Lynne A. Battaglia, U.S. Atty., Robert M. Thomas, Jr., John A. Gephart, Asst. U.S. Attys., for appellee.
 D.Md.
 AFFIRMED.
 Before HALL and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Michelle Murray* was found guilty in a bench trial of conspiracy to commit credit card fraud, 18 U.S.C.A. Sec. 1029(b)(2) (West Supp.1993), and five counts of credit card fraud, 18 U.S.C.A. Secs. 1029(a)(2), 2 (West 1969 & Supp.1993). He appeals the sentence he received, contending that the district court erred in departing upward and also failed to explain adequately its reasons for making a departure. We affirm.
 
 
 2
 Murray had a total of nine criminal history points based on twelve prior sentences for theft, burglary, unlawful entry, receipt of stolen property, petty larceny, and shoplifting. A number of his prior sentences received no criminal history points because only four points may be assigned for sentences of less than sixty days. United States Sentencing Commission, Guidelines Manual, Sec. 4A1.1(c) (Nov.1992). Murray also had thirty convictions for prostitution, none of which received criminal history points, and he had a charge of theft pending in California (a 1989 offense) and charges of battery and theft pending in Maryland (1990 offenses). Murray had failed to appear in the latter cases. Numerous aliases, false birth dates and false Social Security numbers used by Murray were listed in the presentence report. The probation officer suggested that an upward departure might be appropriate.
 
 
 3
 At sentencing, the government recommended an upward departure because of Murray's pattern of property-related offenses and because he had persisted in a criminal lifestyle despite repeated lenient treatment in the state courts. Murray asserted, through counsel, that he had never been in several states where he had prior convictions; however, he offered no evidence and did not seriously contest any of his prior convictions.
 
 
 4
 The district court decided that a departure was warranted because Murray showed an "unusual tendency to recidivism," and category IV did not adequately reflect the likelihood of future recidivism. The court departed from category IV (guideline range 30-37 months) to category V (guideline range 37-46 months), and imposed a sentence of forty months. When a sentencing court departs upward from the recommended guideline range, it must give a short clear written statement or a reasoned statement from the bench supporting the departure to facilitate appellate review. United States v. Rusher, 966 F.2d 868, 882 (4th Cir.) cert, denied, 61 U.S.L.W. 3285 (U.S.1992). We find that the district court's statement that it was departing because of Murray's recidivism was a sufficient explanation of its reasons.
 
 
 5
 We review the departure itself under the test set out in United States v. Hummer, 916 F.2d 186 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3702 (U.S.1991). The Sentencing Commission has already identified an inadequate criminal history category as an aggravating factor which may support a departure. U.S.S.G. Sec. 4A1.3. The defendant's criminal history is inadequate if it fails to reflect the seriousness of his past criminal conduct or the likelihood that he will commit future crimes.
 
 
 6
 We find that the district court did not clearly err in determining that category IV was inadequate. Although none of Murray's prior offenses involved credit card fraud, the majority of them involved stealing in some form. The frequency of Murray's convictions supports the district court's finding that he displayed uncommon recidivism in the past and that category IV did not adequately reflect the likelihood that he would commit other crimes in the future. The district court did not rely on the fact that Murray was wanted in California and Maryland on additional theft charges at the time of the instant offense, but these pending charges bolster our conclusion that the decision to depart was not clearly erroneous. See U.S.S.G. Sec. 4A1.3(d) (pending charges may be considered). One additional criminal history point would have put Murray in category V. For this reason too, the departure of one level to category V was not an abuse of discretion.
 
 
 7
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Murray is a transsexual whose legal name at birth was Michael Murray, but who now prefers to be considered a female